Babak Hashemi, Esq. (State Bar No. 263494)
LAW OFFICES OF BABAK HASHEMI, ESQ.
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
PH: (949) 464-8529
FX: (949) 259-4548

Attorneys for PLAINTIFF SUSANO ROCHA

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/22/2014** at 01:21:11 PM

Clerk of the Superior Court
By Diana Cuevas, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE-CENTRAL JUSTICE CENTER

| | |
|---|---|
| SUSANO ROCHA,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CARD SERVICES, TARGET CORPORATE SERVICES, INC., and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE No: 30-2014-00700243-CU-BT-CJC<br>Judge Frederick P. Aguirre<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**<br><br>1. VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200<br>2. VIOLATIONS OF CALIFORNIA CIVIL CODE 1788, ET SEQ. (CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT)<br>3. VIOLATIONS OF FAIR CREDIT REPORT ACT 15 USC §1681 ET SEQ. (FRCA)<br>4. INVASION OF PRIVACY<br>5. NEGLIGENCE<br>6. NEGLIGENT TRAINING AND SUPERVISION<br>7. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |

Plaintiff, SUSANO ROCHA ("Plaintiff") is informed and believes and thereupon alleges as follows:

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1

## INTRODUCTION

1. Plaintiff, SUSANO ROCHA brings this action to enjoin Defendants, TARGET CORPORATE SERVICES, INC. and TARGET CARD SERVICES (collectively referred to as "Defendants" unless otherwise indicated) from continuing with its campaign of deceptive and unlawful business practices and to recover for damages suffered by virtue of Defendants' failure to credit Plaintiff's Target Credit Card Account for payments received and harassing, threatening, and abusive conduct in the course of collecting on a consumer debt that was fully repaid.

2. DEFENDANTS' abusive collection practices include:

   a. Violating the provisions of the Fair Debt Collection Practices Act as set forth in California Civil Code section 1788 et seq.

   b. Violating California Civil Code section 1788.11(b) by placing calls without disclosure of the caller's identity.

   c. Violating California Civil Code section 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called.

   d. Violating California Civil Code section 1788.11(e) by communicating, by telephone or in person, with such frequency as to be unreasonable and to constitute harassment.

   e. Violating California Civil Code section 1788.12(b) by communicating with members of debtors' families except as explicitly permitted therein.

   f. Unfair, Unlawful and fraudulent business practices under California Bus. & Prof. code §17200 et Seq.

   g. Negligence and other common law violations.

## FACTUAL ALLEGATIONS

3. TARGET CARD SERVICES, INC. is a servicer to TD Bank USA, N.A. engaged in the business of providing credit cards through its retail stores, TARGET. Defendants collect their own debt when consumers fail to make the payments contemplated under their Agreement.

4. Prior to October, 2013, Plaintiff submitted an individual application for credit at a Target retail store.

5. Defendant extended an offer of credit to Plaintiff through a Visa Target Credit Card and issued a card with an account # XXXX-XXXX-XXXX-1694.

6. Plaintiff subsequently accepted the offer for credit and entered into a Retail Contract with Defendant. Plaintiff would then be responsible for the purchased using his credit card plus a finance charge equal to the Annual Percentage Rate reflected in the Card Member Agreement.

7. Plaintiff used his Visa Target Credit Card to make purchases of goods and services.

8. On or about September 2013, Plaintiff received a monthly statement showing a balance of $3,533.06; reflecting the total amount of purchases Plaintiff had made using the Target Credit Card.

9. On or about October 14, 2013, Plaintiff went to a Target store in Santa Ana, CA and made full payment of $3,533.06 and was given a receipt showing he had made the payment. (Receipt ID# 2-3287-1936-0123-7873-7).

10. Shortly after October 14, 2013, Defendants began embarking on an illegal campaign of harassment and intimidation by bombarding Plaintiff and his family with impermissible telephone calls using a blocked telephone number and automatic dialers.

11. Defendants' representative called Plaintiff from a blocked number and notified his that his account was in default because he had failed to make his minimum payment pursuant to his card member agreement.

12. Plaintiff explained to the representative that he had paid off the balance due on the account and offered to send them a copy of the receipt. However, the representatives refused to provide an address or phone number to Plaintiff and simply stated "just pay your bill."

13. These representatives proceeded to harass and threaten Plaintiff with lawsuits unless Plaintiff made an immediate payment.

14. On many occasions Plaintiff's sister, received a telephone call from Defendants' representative who also used blocked telephone numbers. The caller expressed that Plaintiff was in default on his Target Credit Card and that it was imperative that Plaintiff call Defendants as soon as possible.

15. Frequently, the representatives acted aggressive and agitated and accused Plaintiff of being a "liar." Plaintiff repeatedly asked the caller to identify him or herself but they refused to do so.

16. Defendants have also victimized Plaintiff's sister, who has received numerous telephone communications from Defendants representatives.

17. Defendants continued to bully Plaintiff and those closest to him in their relentless efforts to collect the alleged debt on a daily basis until late December 2013, when Plaintiff sought the assistance of an attorney.

BABAK HASHEMI, ESQ.
4667 MacArthur Blvd., Ste. 150
Newport Beach, CA 92660

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
4

## VENUE AND JURISDICTION

18. This Court has subject-matter jurisdiction over the causes of action alleged in this Complaint because this Court is a court of general subject-matter jurisdiction and is not otherwise excluded from exercising subject-matter jurisdiction over said causes of action.

19. This Court has personal jurisdiction over Defendants because each Defendant resides in, is incorporated in, has its main place of business in, and/or conducts business in the State of California, and a substantial portion of the acts, omissions, events, and transactions constituting the causes of action alleged herein occurred within the State of California. *Cal. Code Civ. Proc. §410.10.*

20. This Court is the appropriate venue for this action under California *Code of Civil Procedure* sections 395 and 395.5, because the acts that give rise to the causes of action alleged herein occurred in the County of Orange, State of California. Plaintiff hereby designates the County of Orange, State of California, as the place of proper venue.

## PARTIES

21. SUSANO ROCHA is an individual, residing in Orange County, California at all times mentioned herein. In addition, Plaintiff is a natural person whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. Therefore, Plaintiff is a "debtor" as that term is defined by California Civil Code §1788.2(h).

22. At all relevant times, Defendant TARGET CORPORATE SERVICES, INC. is a corporation, doing business in California, including in Orange County.

23. At all relevant times, Defendant TARGET CARD SERVICES is a business entity of unknown form, doing business in California, including in Orange County.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
5

24. At all relevant times, defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b). Therefore, Defendants are "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

25. At all relevant times, this case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" pursuant to California Civil Code § 1788.2(f).

26. Whenever reference is made in this Complaint to any act of defendants, that allegation shall mean that each defendant acted individually and jointly with the other defendants.

27. Whenever reference is made in this complaint to any act or transaction of any corporation, partnership, business or other organization, the allegations shall be deemed to mean that the corporation, partnership, business or other organization did or authorized the acts alleged in this Complaint through its principals, officers, directors, employees, members, agents and representatives while they were acting within the actual or ostensible scope of their authority.

28. Defendants have engaged in a conspiracy, common enterprise, and common course of conduct the purpose of which was to commit acts and practices of unfair competition as alleged in this Complaint.

29. Defendants each knew or realized that others, including the other defendants, were engaging in or planned to engage in the violations of law alleged in this Complaint. Knowing or realizing that others, including the other defendants, were engaging in such

unlawful conduct, each defendant nevertheless facilitated and continued to facilitate the commission of those unlawful acts.

30. Each defendant intended to encourage and facilitate the commission of the unlawful acts, and did encourage, facilitate, aid, promote or instigate the commission of unlawful acts, and thereby, aided and abetted others, including the other defendants, in unlawful conduct. The unlawful acts alleged in this Complaint were those acts defendants intended to and did facilitate or were the natural and reasonable consequences of the acts defendants intended to and did facilitate.

31. Plaintiff is ignorant of the true names and capacities of defendants sued as Does 1 through 100, inclusive, and therefore sues these defendants by these fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is in breach of some contract or is tortiously or otherwise legally responsible in some manner for the occurrences alleged in this complaint and for plaintiff's damages.

32. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each of the defendants, including Does 1 through 100, inclusive, was the agent or employee of each of the remaining defendants and, in doing the things alleged, was acting within the scope of that agency or employment.

### FIRST CAUSE OF ACTION FOR VIOLATIONS OF BUSINESS AND PROFESSIONS CODE SECTION 17200

33. Plaintiff incorporates by reference all preceding paragraphs in this Complaint as though they were set forth fully in this cause of action.

34. California Business & Professions Code section 17200, et seq., prohibits acts of unfair competition, which means and includes any "fraudulent business act or practice..." and conduct which is "likely to deceive" and is "fraudulent" within the meaning of Section 17200.

35. Beginning at a date unknown to Plaintiff and continuing to the present, Defendants have and continue to engage in unfair competition by engaging in the following acts:

    a. Defendants, in the course of debt collection activities, have placed calls without disclosure of the caller's identity in violation of California Civil Code Section 1788.11(b).

    b. Defendants, in the course of debt collection activities, have caused a telephone to ring repeatedly or continuously to annoy the person called in violation of California Civil Code section 1788.11(d).

    c. Defendants, in the course of debt collection activities, have communicated, by telephone or in person, with such frequency as to be unreasonable and to constitute harassment in violation of California Civil Code section 1788.11(e).

    d. Defendants, in the course of debt collection activities, have communicated with members of debtors' families in violation of California Civil Code section 1788.12(b).

36. Plaintiff alleges that by engaging in the above described acts and/or practices as alleged herein, Defendants have violated several California laws and regulations, including numerous provisions of California Civil Code section 1788.17, et seq and said predicate acts are therefore per se violations of California Business and Professions Code section 17200, et seq.

---

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
8

Case 8:14-cv-00284-DOC-RNB   Document 1-3   Filed 02/27/14   Page 9 of 15   Page ID #:14

37. By reason of the foregoing, Defendants have been unjustly enriched and should be required to disgorge their illicit profits and/or make restitution to Plaintiff and other California consumers who have been harmed, and/or be enjoined from continuing in such practices pursuant to California Business & Professions Code Sections 17203 and 17204. Additionally, Plaintiffs are therefore entitled to injunctive relief and attorney's fees as available under California Business and Professions Code Sec. 17200 and related sections.

## SECOND CAUSE OF ACTION FOR
## VIOLATIONS OF CALIFORNIA CIVIL CODE SECTION 1788.17
## (THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT)

38. Plaintiff incorporates by reference all preceding paragraphs in this Complaint as though they were set forth fully in this cause of action.

39. California Civil Code section 1788.17 prohibits a debt collector from engaging in false, abusive, or deceptive business practices in connection with the collection of a consumer debt.

40. Beginning October 2013, and continuing to the present, Defendants have engaged in the following conduct in violation of California Civil Code section 1788.17:

   a. Defendants, in the course of debt collection activities, placed calls to Plaintiff, his family, and other acquaintances without disclosure of the caller's identity in violation of California Civil Code Section 1788.11(b).

   b. Defendants, in the course of debt collection activities, caused a telephone to ring repeatedly or continuously to annoy Plaintiff, his friends, family, and other acquaintances in violation of California Civil Code section 1788.11(d).

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
9

    c. Defendants, in the course of debt collection activities, communicated, by telephone or in person with Plaintiff, his friends, family, and other acquaintances with such frequency as to be unreasonable and to constitute harassment in violation of California Civil Code section 1788.11(e).

    d. Defendants, in the course of debt collection activities, communicated with members of Plaintiff's family, friends, and other acquaintances in violation of California Civil Code section 1788.12(b).

41. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of California Civil Code section 1788.17, et seq.

42. As a result of Defendant's knowing or willful violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code section 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code section 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c) from Defendants.

## THIRD CAUSE OF ACTION FOR
## VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681 (FRCA)

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. On or about December 26, 2013, Plaintiff put Defendants on actual notice of their violations stated herein. Defendants have not responded or otherwise taken corrective measures to correct their records.

45. Plaintiff is informed and believes, and based thereon alleges that Defendants failed to provide Plaintiff a validation of the purported debts, and Defendants failed to direct the

consumer reporting agencies to delete inaccurate information about Plaintiff pertaining to the Target Credit Card Visa account, as required by 15. U.S.C. § 1681s-2(b)(c).

46. Plaintiff has a private right of action to assert claims against Defendants for violations based on 15 U.S.C. § 1681s-2(b).

## FOURTH CAUSE OF ACTION FOR

## INVASION OF PRIVACY

47. Plaintiff incorporates by reference all preceding paragraphs in this Complaint as though they were set forth fully in this cause of action.

48. Plaintiff had and continues to have a reasonable expectation of privacy.

49. Defendants intentionally intruded into Plaintiff's privacy by, among other things, unlawfully attempting to collect a debt from Plaintiff, and impermissibly contacting third-parties regarding the alleged debt.

50. Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt, and thereby invading, and intruding upon Plaintiff's rights to privacy.

51. Defendants acted with malice, fraud and/or oppression, warranting exemplary and/or punitive damages.

52. The actions taken by Defendants indicate a willingness to execute, maintain, and pursue improper business practices in wanton or reckless disregard for the law.

53. In pursuing their abusive and unlawful debt collection efforts against Plaintiff, Defendants acted with malice, oppression, and fraud as defined by Cal. Civ. Code §3294 (c)(1),(2),(3).

---

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

11

## FIFTH CAUSE OF ACTION FOR

## NEGLIGENCE

54. Plaintiff incorporates by reference all preceding paragraphs in this Complaint as though they were set forth fully in this cause of action.

55. Each of the Defendants had a duty to exercise reasonable care and skill to ensure that their collection actions were directed only to Plaintiff.

56. Defendants were negligent in failing to use reasonable care in the course of its debt collection activities such as by impermissibly contacting third-parties regarding Plaintiff's loan.

57. In taking such action, Defendants breached its duty of care and skill to Plaintiff.

58. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff suffered, and continues to suffer, general and special damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION FOR

## NEGLIGENT TRAINING AND SUPERVISION

59. Plaintiff incorporates by reference all preceding paragraphs in this Complaint as though they were set forth fully in this cause of action.

60. Defendants were negligent in the training and/or supervision of its employees.

61. Defendants' actions and omissions constitute negligence in that Defendants owed Plaintiff a duty of care and skill to train and/or supervise its employees properly.

62. Defendants' failure to exercise reasonable care and skill in training and supervising its employees resulted it Defendants employees impermissibly communicating with third-parties regarding Plaintiff's debt.

63. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has suffered and continues to suffer general and special damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION FOR

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein.

65. Defendants' conduct in attempting to collect a satisfied debt was extreme and outrageous behavior.

66. Defendants' conduct was intentional, as evidenced by their failure to disclose their names, caller IDs, and failure to advise Plaintiff that the call was an attempt to collect a debt and that it was being recorded.

67. Defendants' conduct was intended to induce Plaintiff to paying a satisfied debt obligation.

68. As a result of Defendants' conduct, Plaintiff has experience emotional distress.

69. Because Defendants acted with oppression, fraud, malice, and an intent to harm Plaintiff; Plaintiff is entitled to damages, including punitive damages, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

## BUSINESS AND PROFESSIONS CODE SECTION 17200

1. Pursuant to Business and Professions Code § 17203, that all Defendants, their successors, agents, representatives, employees, and all persons who act in concert with them be permanently enjoined from committing any acts of unfair competition in

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
13

violation of § 17200, including, but not limited to, the violations alleged herein.

2. For punitive damages against Defendants due to their intentional and wrongful acts;

3. For costs of suit; and

4. For injunctive relief as set forth herein;

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

5. For actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendants;

6. For of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendants;

7. For of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendants.

## INVASION OF PRIVACY

8. For compensatory damages pursuant to California Civil Code § 3333 in an amount to be adduced at trial;

9. For emotional distress damages pursuant to *Miller v. National Broad. Co.*, 187 Cal.App.3d 1463, 1484 (Cal.App.2d Dist., 1986); and

10. For punitive damages pursuant to Cal. Civ. Code § 3294.

## NEGLIGENCE

11. For compensatory damages in an amount to be determined at trial.

## NEGLIGENT TRAINING AND SUPERVISION

12. Compensatory damages in an amount to be adduced at trial.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692k et seq

13. For an award of actual damages pursuant to *15 U.S.C. § 1692k(a)(1)* against each and every Cross-Defendants;

14. For an award of statutory damages of $1,000.00 per violation pursuant to *15 U.S.C. §1692k(a)(2)(A)* against each and every Cross-Defendants;

15. For an award of costs of litigation and reasonable attorney's fees pursuant to *15 U.S.C. § 1692k(a)(3)* against each and every Cross-Defendants; and

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT §§ 1788-1788.32 (RFDCPA)

16. For an award of actual damages pursuant to *California Civil Code § 1788.30(a)* against each Cross-Defendants in an amount to be determined at trial;

17. For an award of statutory damages of $1,000.00 per violation, pursuant to *California Civil Code § 1788.30(a)*;

18. For an award of costs of litigation and reasonable attorney's fees for, pursuant to *California Civil Code § 1788.30(c)*; and

### VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681 (FRCA)

19. For an award of actual damages pursuant to 15 U.S.C. § 1681o against each Cross-Defendant in an amount to be determined at trial.

20. For an award of statutory damages of $1,000.00 per violation, pursuant to 15 U.S.C. § 1681o;

21. For an award of costs of litigation and reasonable attorney's fees for, pursuant to 15 U.S.C. § 1681o; and

22. For such other and further relief as may be just and proper

LAW OFFICES OF BABAK HASHEMI, ESQ.

Dated: January 21, 2014      By: _____
                                  Babak Hashemi, Esq.
                                  Attorneys for Plaintiff